UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CODY R. MURPHY, | ) |  |  |
|---|---|---|---|
|  | ) |  |  |
| Plaintiff, | ) |  |  |
|  | ) |  |  |
| v. | ) | No. | 3:23-CV-427-KAC-JEM |
|  | ) |  |  |
| HAMILTON COUNTY SHERIFF'S OFFICE, | ) |  |  |
|  | ) |  |  |
|  | ) |  |  |
| Defendant. | ) |  |  |

## **MEMORANDUM & ORDER**

Plaintiff, an inmate in the Hamilton County Jail, has filed (1) a pro se complaint for violation of 42 U.S.C. § 1983 arising out of an incident on May 14, 2023, during his confinement [Doc. 1]; (2) a second complaint for violation of Section 1983 arising out of an excessive force incident on November 2, 2023, which the Clerk docketed as an amended complaint [Doc. 4]; and a third complaint for violation of Section 1983, arising out of an undated and unspecified incident involving "assault[]," "battery," and detention, which the Clerk docketed as another amended complaint [Doc. 9]. Plaintiff has also filed three motions for leave to proceed *in forma pauperis* [Docs. 6, 7, 10]. This action shall proceed as set forth below.

**I.   FILING FEE**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's first motion for leave to proceed *in forma pauperis* that he cannot pay the filing fee in a lump sum [*See* Doc. 6 at 1-2]. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** his first motion for leave to proceed *in forma pauperis* [Doc. 6].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. AMENDED COMPLAINTS

The Clerk docketed Plaintiff's second Section 1983 complaint regarding an incident of alleged excessive force on November 2, 2023 as an amended complaint in this case [Doc. 4]. But this second complaint addresses a completely different incident than the one set forth in Plaintiff's original complaint [*Compare* Doc. 1 *with* Doc. 4]. Moreover, Plaintiff indicates in a letter filed with his first motion for leave to proceed *in forma pauperis* that he intended his second complaint to be filed as a separate Section 1983 action [*See* Doc. 6 at 8]. And Plaintiff's latest-in-time third complaint confirms that he intended to file two separate Section 1983 actions [*See* Doc. 9 at 6]. As such, it appears that Plaintiff also intended his second motion for leave to proceed *in forma pauper* [Doc. 7] to be filed in that separate action. Accordingly, the Court **DIRECTS** the Clerk to (1) file Plaintiff's second complaint [Doc. 4] and second motion for leave to proceed *in forma*

*pauperis* [Doc. 7] in a new Section 1983 action; and (2) **STRIKE** these filings [Docs. 4, 7] from the Court's docket in this action, to avoid any potential for confusion.

But it is unclear what Plaintiff intends to accomplish with his third complaint [Doc. 9] and third motion for leave to proceed *in forma pauperis* [Doc. 10]. And the Court cannot properly screen Plaintiff's complaint in this action under the PLRA until the Court understands Plaintiff's intended scope of the action. **Accordingly, the Court ORDERS Plaintiff to file one amended complaint in this action within thirty (30) days of the entry of this Order**. That amended complaint must set forth a short and plain statement of facts and the entity(ies) and/or individual(s) he seeks to hold responsible for each alleged violation under Section 1983. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Clerk **SHALL** send Plaintiff a Section 1983 complaint form for this purpose. That amended complaint will completely replace Plaintiff's first complaint [Doc. 1] in this action. **Failure to timely comply with this Memorandum and Order will result in dismissal of this action for failure to prosecute and failure to comply with a Court order.** *See* **Fed. R. Civ. P. 41(b).**

III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's first motion for leave to proceed *in forma pauperis* [Doc. 6];

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Court **DIRECTED** the Clerk (1) to file Plaintiff's second complaint [Doc. 4] and second motion for leave to proceed without prepayment of fees [Doc. 7] in a

3

new Section 1983 action; and (2) to **STRIKE** these filings [Docs. 4, 7] from the Court's docket in this case;

6. The Court **ORDERED** Plaintiff to file one amended complaint in this action within **thirty (30) days** of the entry of this Memorandum and Order; and

7. The Court **ORDERED** the Clerk to send Plaintiff a Section 1983 complaint form for this purpose.

Further, the Court **ORDERS** Plaintiff to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge